IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTHONY BROOKS, ) | |
| ) | |
| v. ) | No. 3:14-cv-01324 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Movant Anthony Brooks, a federal prisoner presently housed at USP Lee in Pennington Gap, Virginia, brings this *pro se* action pursuant to 28 U.S.C. § 2255 to set aside, vacate and correct an allegedly illegal sentence and judgment imposed by this court on May 25, 2012 (Case. No. 3:10-cr-00163, ECF No. 1715). For the reasons set forth herein, the court finds that an evidentiary hearing is not required, and the record establishes that the movant is not entitled to relief.

**I.  PROCEDURAL BACKGROUND**

In June 2010, Anthony Brooks and twenty-five other individuals were indicted for a conspiracy to participate in racketeering offenses. (Case No. 3:10-cr-00163, ECF No. 3, Indictment.) After two superseding indictments, Brooks was ultimately charged with (1) conspiracy to participate in racketeering activity (Count 1); (2) conspiracy to commit murder in aid of racketeering (Count 17); (3) assault with a dangerous weapon in furtherance of racketeering (Count 18); (4) using and carrying a firearm during and in relation to a crime of violence (Count 19); (5) possession of a firearm in furtherance of a crime of violence (Count 20); (6) assault resulting in serious bodily injury in aid of racketeering (Count 23); and (7) conspiracy to use and carry firearms during and in relation to crimes of violence (Count 27). (Case No. 3:10-cr-00163, ECF No. 1147, Second Superseding Indictment.)

On January 19, 2012, Brooks entered into a binding plea agreement with the United States and, in conjunction therewith, submitted to the court a petition to enter a guilty plea, which the court accepted. (Case No. 3:10-cr-00163, ECF Nos. 1268, Plea Petition; 1269, Plea Agreement.) Pursuant to the terms of the plea agreement, Brooks pleaded guilty to Counts 1 and 20 of the Second Superseding Indictment, in exchange for which the United States agreed to dismiss the remaining five counts, and the parties

stipulated to an agreed term of imprisonment of 300 months in the custody of the Bureau of Prisons.

At the plea hearing on January 19, 2012, Brooks admitted the truth of the facts on pages 5 through 8 of the plea agreement, establishing his guilt as to the two charges to which he pleaded guilty; he affirmed that he was pleading guilty because he was, in fact, guilty of those charges. (Case No. 3:10-cr-00163, ECF No. 1982, Plea Hr'g Tr. at 18:13–15.) He agreed that he entered the plea voluntarily, and he also agreed to the offense calculations set forth in the plea agreement, conceding that he was properly classified as a career offender. Finally, he stated that he understood that in pleading guilty, he waived his right to appeal any sentence of 300 months.

Brooks, *pro se*, and his trial counsel both filed notices of appeal. Counsel for Brooks filed an appellate brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which she stated that she had carefully examined the record and concluded that the case presented no non-frivolous bases for appeal, but she nonetheless articulated the issues and arguments that Brooks wanted her to raise on appeal, including:

> 1. Whether the Appellant qualified for the "Career Offender" enhancement pursuant to the United States Sentencing Guidelines.
>
> 2. Whether Appellant's Sentencing Guidelines Calculations were correct.
>
> 3. Whether Appellant entered into the Plea Agreement knowingly, intelligently, and voluntarily.
>
> 4. Whether Appellant was guilty of violating 18 U.S.C. 924(c)(1)(A).

(Case No. 12-5681, Doc. No. 48, *Anders* Appellate Brief at iv (6th Cir. Sept. 26, 2013).)

Brooks thereafter filed a response to the *Anders* brief, raising and arguing essentially the same issues:

> 1. Whether [there] was a nexus established on the 18 U.S.C. 924(c)(1)[(A)] violation if [there] was a violation;
>
> 2. Whether the sentencing guidelines [were] correct.
>
> 3. Whether the plea was entered knowingly, intelligently, and voluntarily.
>
> 4. Whether the "Career Offender" enhancement would have been used if the appellant was not guilty of violating 18 U.S.C. 924(c)(1)[(A)].

(Case No. 12-5681, Doc No. 69, Pro Se Appellate Brief at 3 (6th Cir. Dec. 30, 2013).)

The Sixth Circuit affirmed the conviction and sentence on April 10, 2014, specifically ruling that

Brooks had validly waived his right to appeal the sentence of 300 months, but nonetheless considering the merits of the issues raised in the appeal. The court held that Brooks qualified as a career offender under USSG § 4B1.1; his sentence was not invalid under *Alleyne v. United States*, 570 U.S. ----, 133 S. Ct. 2151, 2155 (2013); and the sentence was reasonable. (Case No. 12-5681, Doc. No. 70-2, Order at 2 (6th Cir. Apr. 10, 2014).) The mandate issued on May 2, 2014 (Case No. 3:10-cr-00163, ECF No. 2046), and Brooks filed his present motion under § 2255 on June 11, 2014. The United States concedes that it is timely.

## II.     THE CURRENT MOTION

Brooks asserts that his attorney rendered ineffective assistance of counsel, in violation of his Sixth Amendment rights, by failing to raise in her *Anders* appellate brief all the issues the movant wanted her to raise, including claims that (1) the "government failed to provide movant before plea of the state recidivist notice requirement" (ECF No. 1, at 14), (2) his plea was involuntary; and (3) he is actually innocent of the weapons charge to which he pleaded guilty. As a remedy, he insists that he should be granted permission to reinstate his direct appeal, and that new counsel should be appointed "who would raise the requested meritorious issues on appeal." (*Id.* at 20.) Construed very generously, the motion may also be read as stating a claim that counsel was ineffective at the plea stage for failing to contest the government's failure to comply with the "state recidivist notice requirement under USSG 4B1.1 Career Offender Enhancement " (ECF No. 1, at 14) and, thus, failing to ensure the voluntariness of the plea.

Shortly after the motion was filed, the court conducted a preliminary examination thereof and determined that it stated a colorable claim for relief. The court entered an order (ECF No. 2) directing the United States to answer, plead or otherwise respond to the petition. Rule 5, Rules Gov'g § 2255 Proceedings. The United States has now filed its response.

## III.    STANDARD OF REVIEW

To be entitled to relief, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional

magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks and additional citation omitted)).

As a general rule, any claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows "(1) 'cause' excusing [the] procedural default, and (2) 'actual prejudice' resulting from the errors," *United States v. Frady*, 456 U.S. 152, 168 (1982) (citations omitted), or demonstrates that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). A claim of ineffective assistance of counsel, however, is not subject to the procedural-default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003). An ineffective-assistance claim may be raised in a collateral proceeding under § 2255 regardless of whether the movant could have raised the claim on direct appeal. *Id.*

## IV.    WHETHER A HEARING IS REQUIRED

A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. The hearing is mandatory "unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)). Thus, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

Upon consideration of the original motion and supporting memorandum, the government's response and the underlying factual record, the court finds that there are no evidentiary issues to be resolved and that an evidentiary hearing is not required.

## V. ANALYSIS AND DISCUSSION

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to the effective assistance of counsel during their criminal proceedings, *Missouri v. Frye*, 566 U.S. ----, 132 S. Ct. 1399, 1404 (2012), and this right applies to "all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) (citation omitted). To make out a claim of ineffective assistance of counsel, the movant must show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

As noted above, as grounds for his motion to vacate his conviction and sentence, Brooks generally alleges that his counsel was ineffective at the plea stage for not contesting the government's failure to comply with the "state recidivist notice requirement under USSG 4B1.1 Career Offender Enhancement" (ECF No. 1, at 14) and for failing to ensure the voluntariness of the plea. He also alleges that counsel was ineffective at the appeal stage because she failed to file a proper appellate brief and to raise all the issues on appeal that Brooks believed to be meritorious, specifically including claims that (1) the government failed to provide the movant with a "state recidivist notice" as required before seeking to classify the movant as a career offender under USSG § 4B1.1; (2) the plea was involuntary; and (3) the movant is actually innocent of the 18 U.S.C. § 924(c) conviction. (ECF No. 1, at 14.)

### A. Failure to Challenge Government's Non-Compliance with "State Recidivist Notice Requirement"

Brooks takes issue with the government's "failure to provide movant with the state recidivist notice requirement under USSG 4B1.1 Career Offender Enhancement" and his attorney's failure to contest his classification as a career offender under the advisory sentencing guidelines. This claim is frivolous. The career-offender classification is not governed by any so-called State Recidivist Notice Requirement. As the respondent points out, Brooks provides no authority to the contrary. He relies only on rumor: He "heard through another inmate in Robertson County jail that the government was required to prove that [he] was charged and convicted in the State of Tennessee as a Recidivist." (ECF No. 1, at 18.)

Under *federal* law, the only criteria for classification as a career offender are that: (1) the defendant was 18 or older when he committed the current offense; (2) his current offense was a felony that was either a crime of violence or a controlled-substance offense; and (3) he has at least two prior felony convictions for controlled-substance offenses or crimes of violence. USSG § 4B1.1(a). There is no dispute that Brooks met each criterion. The federal sentencing guidelines do not require any type of prior notice to the defendant that he qualifies as a career offender. Moreover, a defendant might reasonably be presumed to have first-hand knowledge of whether he meets those elements.

Brooks's counsel clearly was not ineffective, at either the plea stage or on appeal, for failing to raise a non-existent legal requirement, and certainly her doing so would not have changed the outcome in this case. *Cf. Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (counsel not required to raise meritless arguments to avoid ineffective-assistance claims). Moreover, both counsel and Brooks himself raised claims in the appeal challenging the career-offender designation, without reference to the fictitious state notice requirement. The Sixth Circuit rejected the claim, finding that the record plainly established that Brooks qualified as a career offender. The movant is not entitled to relief on the basis of this claim.

B.   **Failure to Ensure Voluntariness of Plea**

Brooks insists that, after sentencing, he instructed his attorney to file a notice of appeal and to raise a claim based on the involuntariness of the plea. Although she initially stated that she would do so, counsel ultimately refused, and instead filed an *Anders* brief. Brooks believes that, if his attorney had properly briefed this and the other issues he wanted her to brief on appeal, it was probable that "the appellate court would have remanded the case to the district court to vacate the § 924(c) conviction and sentence with instruction to resentence movant a criminal history category I, base offense level 33, sentencing range of 135-168 as opposed to a base offense level 37; a 252-327 month sentencing range, criminal history category VI, plus the consecutive 60 months for the 924(c) . . . ." (ECF No. 1, at 15–16.)

In his attached affidavit, Brooks further states:

> I was misadvised and not informed by counsel that I was required to be charged as a recidivist by the State of Tennessee and sentenced to a maximum sentence of imprisonment of 10 yrs. or more to qualify as a Career Offender under USSG § 4B1.1 for my prior [narcotics] convictions . . . to be classified as a felony crime of violence or controlled substance offense under federal law. Therefore, I was misled and deceived by [counsel] to stipulate to being a Career Offender without being informed of the government's recidivist notice requirement before plea entry required by due process. In fact, the government withheld the recidivist notice requirement from me and did not

>disclose the notice requirement in the plea agreement as a waiver or otherwise. Had I been properly informed before plea entry, I would not have stipulated as being a Career Offender but would have put the government to its burden of proof at trial . . . .

(ECF No. 1, at 18–19.) In other words, Brooks's claim regarding the involuntariness of his plea is premised entirely on his contention that the government knowingly failed to provide the so-called recidivist notice the movant believes is required by the State of Tennessee.

As discussed above, the movant was misinformed by his contacts at the Robertson County Jail. There is no recidivist-notice requirement. The government established all the elements necessary to prove that Brooks qualified as a career offender for purposes of USSG § 4B1.1(a). Because Brooks was not entitled to a prior recidivist notice, his claim that his plea was not voluntary as a result of his failure to receive any such notice necessarily fails. Again, counsel was not ineffective for failing to raise this plainly frivolous issue at the plea stage or on appeal, and the movant is not entitled to relief on the basis of this claim.

**(3)     Actual Innocence of Violation of 18 U.S.C. § 924(c)**

Brooks pleaded guilty to the charge of possession of a firearm in the furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). In his § 2255 motion, he insists, repeatedly, that his counsel was ineffective for failing to argue on appeal that he was actually innocent of that charge. In his supporting affidavit, he elaborates that he is actually innocent in light of *Bousley v. United State*s, 523 U.S. 614 (1998), but he fails to provide any factual support for his conclusory assertion that he is innocent of this charge. In order to be entitled to relief under § 2255, a movant must allege specific facts to support his claim. *See Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) ("[C]onclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." (citations omitted)). Brooks' actual-innocence claim is subject to dismissal on the basis that he has failed to provide the requisite factual support. Without such factual support, he cannot establish either that his attorney's conduct was deficient or that he was prejudiced by her purported failure to argue on appeal that he was actually innocent of violating § 924(c)(1)(A).

Moreover, this claim fails because his attorney did raise the actual-innocence claim in her *Anders* brief. (Case No. 12-5681, Doc. No. 48, at 5–6, 11 (6th Cir. Sept. 26, 2013).) Brooks also raised the issue in his own brief. The Sixth Circuit ruled against him on this issue on the basis that Brooks "acknowledged

a sufficient factual basis for his plea at rearraignment . . . and he has not moved to withdraw the plea." (Case No. 12-5681, Doc. No. 70-2, Order at 2 (6th Cir. April 10, 2014).) Thus, the record does not support Brooks's claim that his attorney's performance was deficient.

Moreover, as set forth above, Brooks also cannot show that he was prejudiced by this alleged deficiency. In that regard, although the movant relies on *Bousley v. United States*, the holding in that case hurts him more than it helps him. There, the Supreme Court explained, in the context of a defaulted habeas corpus claim, that, "[i]n cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 623–24. Not only has Brooks failed to show that he is "actually innocent" of the § 924(c)(1)(A) charge to which he pleaded guilty, he has never alleged—let alone shown—any basis for concluding that he is "actually innocent" of the additional charges the government dropped in exchange for his guilty plea. As the court discussed with Brooks during the plea hearing, the maximum prison terms for the five charges the government agreed to drop ranged from ten years to life. (*See* Case No. 3:10-cr-00163, ECF No. 1982, Plea Hearing Tr. at 7.) *Bousley* does not authorize relief in this case.

And finally, as the respondent argues, by pleading guilty and executing an appellate waiver, Brooks gave up the right to contest his guilt on appeal or in post-conviction proceedings. Brooks has not brought a challenge to the validity of the waiver (other than through his already discredited challenge to the voluntariness of the plea altogether). The Sixth Circuit concluded that Brooks's plea was knowing and voluntary and that the waiver of his appellate rights is enforceable. Brooks has not alleged the existence of unusual circumstances that would warrant revisiting that conclusion.

In sum, the movant is not entitled to relief on the basis of this claim.

## VI. CONCLUSION

For the reasons set forth herein, the court concludes that Brooks is not entitled to the relief sought. His motion will therefore be denied and this matter dismissed.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court must, at the time of entry of the final order denying relief, either issue or deny a certificate of appealability ("COA"). The court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Perkins v. McQuiggin*, 670 F.3d 665, 668 (6th Cir. 2012). A "substantial

showing" is made when the movant demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). "[A] COA does not require a showing that the appeal will succeed." *Id.* at 337. Courts should not issue a COA as a matter of course. *Id.*

Under this standard, the court finds that the movant has failed to make a substantial showing of the denial of a constitutional right with regard to any of the grounds for relief set forth in his motion and supporting memorandum of law. The court will therefore decline to issue a COA.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge